COBB, Judge,
concurring in the result.
Although I agree with the result reached by the majority in its unpublished memorandum in this case, I write specially to state that I believe that the appellant’s argument addressed in Part III of the memorandum, which concerns the trial court’s denial of his request to send certain exhibits to the jury room during the jury’s deliberations, is preserved for appellate review. The record reveals a lengthy discussion during which defense counsel made his wishes known and the trial court denied the request. I believe the exchange between defense counsel and the trial court was sufficient “to put the trial judge on notice of the alleged error [and gave him] an opportunity to correct it before the case [was] submitted to the jury.” Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994).
Moreover, the trial court’s decision not to allow certain exhibits into the jury room was in error because the trial court based its decision on its erroneous conclusion that the exhibits had never been admitted into evidence. However, the record reflects that the exhibits, in fact, had been entered into evidence. (R. 219, 221.)
Although the trial court was mistaken, I believe that the error was harmless. Lykes maintains that the exhibits in question would have shown that the 13-year-old victim was engaging in sexual intercourse with him in exchange for pecuniary gain, and that, when he stopped giving her money, she “cried rape.” This evidence, he asserts, would have proven that the sexual intercourse was consensual and that it was not by forcible compulsion. However, although Lykes was indicted for first-degree rape under § 13A-6-61(a)(l), Ala. Code 1975, which requires proof of forcible compulsion, the jury found Lykes guilty of second-degree rape under § 13A-6-62(a)(1). Section 13A-6-62(a)(l) provides:
“A person commits the crime of rape in the second degree if ... [b]eing 16 years old or older, he or she engages in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the member of the opposite sex.”
Thus, the jury exonerated Lykes of rape requiring forcible compulsion, even without the exhibits in question being sent to the jury room during deliberations. Lykes has failed to allege or prove how the outcome of his trial would have been different if the exhibits had been sent to the jury room; therefore, I do not believe that Lykes was prejudiced by the trial court’s apparent error.
For the reasons stated above, I concur only in the result reached by the majority.